# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| CARL MARABLE, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   **No. 3:24-CV-01386** |
| | ) |
| | )   **JUDGE CAMPBELL** |
| RUTHERFORD COUNTY SHERIFF | )   **MAGISTRATE JUDGE** |
| DEPARTMENT, *et al.*, | )   **NEWBERN** |
| | ) |
|    Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Carl Marable, a resident of Murfreesboro, Tennessee,[1] filed this pro se action alleging violations of his civil rights. (Doc. No. 1). Plaintiff also filed two Applications for Leave to Proceed In Forma Pauperis ("IFP Application"). (Doc. Nos. 13, 15).

The Court must resolve the filing fee before moving to the required screening of the complaint.

## I. FILING FEE

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Section 1915 is intended to ensure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). Pauper status does not require absolute destitution. *Adkins*, 335 U.S. at 339; *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Rather, the relevant question is "whether the court costs can be paid without undue hardship." *Foster*, 21 F. App'x at 240. Proceeding in forma pauperis is a privilege, not a right, and "[t]he decision whether to permit a litigant to proceed [in forma pauperis] is within the Court's discretion." *Id.*

---

[1] Plaintiff was incarcerated at the time he filed the original complaint (*see* Doc. No. 1 at 6) and notified the Court of his release in July 2025. (Doc. No. 10).

According to Plaintiff's most recent IFP Application, his monthly income totals $1450[2] from disability payments, his monthly expenses total $708 from what appear to be rent and food expenses, and he has $0 in cash and in bank accounts. (*Id.* at 1-6). Because his IFP Application reflects that he lacks sufficient financial resources to pay the full filing fee without undue hardship, the IFP Application (Doc. No. 15) is **GRANTED**. The Clerk therefore is **DIRECTED** to file the complaint in forma pauperis. 28 U.S.C. § 1915(a). The earlier-filed IFP Application (Doc. No. 13) is **DENIED AS MOOT**.

## II. SCREENING OF THE AMENDED COMPLAINT

Plaintiff has filed an Amended Complaint (Doc. No. 14), which is now the operative pleading in this case.[3]

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

That Plaintiff has been released from jail since filing his Complaint does not alter the Court's obligation to screen the Amended Complaint pursuant to the Prison Litigation Reform Act ("PLRA").

---

[2] The IFP Application lists two different amounts, five lines apart, for Plaintiff's disability payments, $1480 and $1450. (Doc. No. 15 at 1). The Court presumes one of the amounts is a scrivener's error similar to the incorrect totaling of Plaintiff's listed expenses on pages 4 and 5 of the IFP Application ($600 + $108 = $600).

[3] Plaintiff's Amended Complaint abandons claims against the Rutherford County Sheriff Department, the Rutherford County Medical Department, and the Bedford County Sheriff's Department. (*See* Doc. No. 14 at 2-3).

2

It is the Plaintiff's status at the time of filing that triggers the Court's duty to screen the complaint. See Burley v. Weller, 2023 WL 21435, at *1 n.1 (W.D. Mich. Jan. 3, 2023) (citing Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017) ("Because Plaintiff was incarcerated when he initiated this action, the action is subject to preliminary review pursuant in 28 U.S.C. § 1915A."); Jaros v. Illinois Dep't of Corr., 684 F.3d 667, 668 n.1 (7th Cir. 2012) ("Prisoner status under the PLRA [Prison Litigation Reform Act] turns on whether the plaintiff was confined when the suit was filed. And in any event, when a district court has authorized a plaintiff to proceed in forma pauperis—as happened in this litigation—the court may screen the complaint on the authority of 28 U.S.C. § 1915(e)(2).")).

Thus, the Amended Complaint is before the Court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) (because Plaintiff has obtained pauper status) and 1915A (because he was incarcerated at the time he filed this action).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**A. Section 1983 Standard**

Plaintiff brings his claims under 42 U.S.C. § 1983 which creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ."  To state a claim under Section 1983, a plaintiff must allege and show

two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights,* 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

**B. Facts Alleged in the Amended Complaint**

The allegations of the Amended Complaint are assumed true for purposes of the required PLRA screening.

The Amended Complaint, difficult to understand at times, alleges that Plaintiff is "being criminalize[d] by racist motives." (Doc. No. 14 at 3). He was wrongfully convicted and is the victim of a "system of injustice oppression." (*Id.*) He was "falsely accused" in 2022 and "paid off the Probation 11-13." (*Id.* at 4).

When Plaintiff reported to the Bedford County Probation Office on an unspecified date, Probation Officer Joshua Eaton told Plaintiff that "he didn't want [Plaintiff] to die in his jail." (*Id.* at 3). Plaintiff was "[n]ever . . . told to report again." (*Id.*) However, nine months later, Eaton took out a warrant on Plaintiff when Plaintiff was in the Rutherford County Jail. Plaintiff later was taken to the Bedford County Jail and "had to pay a lawyer" for assistance. (*Id.*) He failed a drug test. An unidentified probation officer established a schedule for Plaintiff to report to the probation office. Plaintiff believes the probation officer is a racist: "I have been treated like a criminal as if I committed a crime that effected [sic] others. As a pastor for this area and has[sic] helped people throughout this region for 20 years." (*Id.* at 2)."

As relief, the Amended Complaint asks for the "Court System" to be held accountable and to "stop injustice against minority's [sic]." (*Id.* at 6).

## C. Analysis

As an initial matter, the Court finds that Plaintiff's claims against the Bedford County Probation Department are subject to dismissal because it is not a legal entity subject to suit. Section 1983 imposes liability on any "person" who violates an individual's federal constitutional or statutory rights. It is well-established that county agencies, departments, and jails are not legal entities amenable to suit under Section 1983. *See Johnson v. Harris*, No. 1:08cv36, 2009 WL 277992, *10 (E.D. Tenn. Feb. 5, 2009) (county probation department was not an entity subject to suit); *Coopshaw v. Lenawee Co. Sheriff's Office of Lenawee Co.*, No. 05-CV-72569, 2006 WL 3298898, *6-7 (E.D. Mich. Nov. 14, 2006) (citing cases). Plaintiff's claims against the Bedford County Probation Department must therefore be dismissed.

Plaintiff's claims against the probation officers are subject to dismissal for multiple reasons. First, despite being named in the Amended Complaint's caption and Defendant section, Defendant Sudberry is not mentioned elsewhere in the Amended Complaint. "It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal as to that defendant, even under the liberal construction afforded to pro se complaints." *Green v. Correct Care Sols.*, No. 3:14-cv-01070, 2014 WL 1806997, at *4 (M.D. Tenn. May 7, 2014) (citing cases)).

To the extent Plaintiff's claims against Defendant Sudberry are based solely on his role as "Head of Probation" (*see* Doc. No. 14 at 2), "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[A] plaintiff must plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676. There must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a Section 1983 plaintiff must show that a

5

supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates. *See Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (citation omitted).

The Amended Complaint does not allege that Sudberry encouraged any instance of misconduct related to Plaintiff or was otherwise directly involved in it. Neither does the Amended Complaint allege that Sudberry "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct" of a subordinate. *Id*. Simply, there are no allegations in the complaint connecting Sudberry to Plaintiff in any way other than the fact that Sudberry is the head of the Bedford County Probation Department. Consequently, the Amended Complaint fails to state Section 1983 claims upon which relief can be granted as to Defendant Sudberry. These claims will be dismissed.

Next, the Amended Complaint names the remaining Defendant, Joshua Eaton, in his official capacity only. (*See* Doc. No. 14 at 2). When a defendant is sued in his or her official capacity as an employee of the government, the lawsuit is directed against "the entity for which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993). Here, the Amended Complaint alleges that Eaton is an employee of Bedford County, Tennessee. A claim of governmental liability requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision or custom promulgated by Bedford County or its agent. *Monell Dep't of Social Svcs.*, 436 U.S. 658, 690-691 (1978). In short, for Bedford County to be liable to Plaintiff under Section 1983, there must be a direct causal link between an official policy or custom and the alleged violation of Plaintiff's constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell*, 436 U.S. 658, 693); *Regets v. City of Plymouth*, 568 F. App'x 380, 2014 WL 2596562, at *12 (6th Cir. 2014) (quoting *Slusher v. Carson*, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official

6

with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess*, 735 F.3d at 478.

Here, the allegations of the Amended Complaint are insufficient to state a claim for municipal liability against Bedford County under Section 1983. While it makes unsupported claims of systemic racism and an unidentified probation officer, the Amended Complaint does not identify or describe any of Bedford County's policies, procedures, practices, or customs relating to the incidents at issue; it does not identify any particular shortcomings in training or supervision or how those shortcomings caused the alleged violations of Plaintiff's rights; and it does not identify any other previous instances of similar violations that would have put Bedford County on notice of a problem. *See Okolo v. Metro. Gov't of Nashville*, 892 F. Supp.2d 931, 944 (M.D. Tenn. 2012). Accordingly, the Court finds that the complaint does not contain sufficient allegations to state a claim for municipal liability

Lastly, even if Plaintiff had named Eaton as a Defendant in his individual capacity, Plaintiff's claims against Eaton would be subject to dismissal because Eaton is entitled to quasi-judicial immunity. The Sixth Circuit and district courts within this circuit have ruled that a probation officer performing duties to ensure that a probationer is complying with the terms of probation and evaluating that compliance is entitled to absolute, quasi-judicial immunity from liability in a civil rights action. *See Loggins v. Franklin Co. Ohio*, 218 F. App'x 466, 476-77 (6th Cir. 2007) (citing *Blas v. Leishman-Donaldson*, No. 91-4073, 1992 WL 217735 (6th Cir. Sept. 9, 1992), and *Timson v. Wright*, 532 F.3d 553 (6th Cir. 1976)); *Fleming v. Martin*, 24 F. App'x 258, 259 (6th Cir. 2001) (citing cases from other circuits); *Warick v. Kentucky Justice & Public Safety Cabinet*, No. 08-146-art, 2008 WL 4443056, *5 (E.D. Ky. Sept. 26, 2008); *Bennett v. Batchik*, 743 F. Supp. 1245, 1251 (E.D. Mich. 1990). Plaintiff's allegations indicate that Defendant Eaton was performing his duties as a probation officer by advising Plaintiff to comply with the terms of his probation and bringing charges based upon a perceived

7

violation of those terms. As such, Eaton is immune from suit and the claims against him must be dismissed for this additional reason.

## III. CONCLUSION

Having conducted the screening of the Amended Complaint required by PLRA, the Court finds that Amended Complaint fails to state Section 1983 claims upon which relief can be granted against all named Defendants. Thus, this case is **DISMISSED WITH PREJUDICE**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE